Judge Wright
delivered the opinion of the court:
During the trial of this cause, after part of the evidence had! been given to the jury, the plaintiff, who was the appellee, discovered that the bond given oh the appeal was not in double the-amount of the judgment in the court of common pleas, and moved to quash the appeal. The court on the circuit have frequently decided that to perfect, an appeal under our statute required a bond in at least double the amount of the judgment. XJpon the-authority of these decisions the court quashed the appeal, but gave-the appellant leave to move to reinstate the cause, which motion-being made was removed for decision here. The majority of the court are disinclined to disturb the construction which has been given to the act of the legislature regulating appeals. The penalty of this bond is not in double the amount of the judgment below for damages and costs. It is urged in support of the motion, that the penalty of the bond is large enough to cover twice the amount of the damages and the costs properly taxed against the defendant, and a cost bill is presented, certified by the clerk of the common pleas, which shows the amount of the whole,costs in the case. By this it appeai-s that the sum of six dollars and five cents-had been adjudged against the plaintiff- at October term, 1828,. before the final judgment, is included in the costs taxed against the defendant, and carried into the judgment. This is evidently a mistake of the clerk. If it be corrected, and that item is struck out of the judgment, the bond will be exactly double the amount of the remaining costs and damages, and the appeal-will have been well taken. The difficulty is, that this court can not give to the-certificate of the clerk validity to control or vary the record of the-court below. The taxation of costs, however, *is the act of the clerk, and follows the rendition of the judgment, though it is-carried into the record, and forms part ot it. We have no doubt *254 of the power of the court to revive these taxations of costs, and to -order a retaxation when necessary to correct errors. This whole proceeding is posterior to the judgment, although it has relation to the judgment, and forms part of it. The appeal in this case will, therefore, be reinstated for the present, to afford the appellant the opportunity to apply to the court of common pleas to cor-reet the taxation of costs in this case, and procure the evidence of the correction for this court; and if that shall be produced, the appeal will be reinstated.
This bill of costs presented here is one of the many evidences of a practice, in some parts of the state, to tax in the bill all the costs of the case on each side. The judgment is, that the party recovering shall recover his costs expended, etc. It is his recovery' of the costs he is supposed to have paid out as they occurred, and which the judgment, in terms, restores to him. A majority of the • court are of opinion that this mode of taxation is not warranted by law; that the clerks should keep the costs occasioned by each party distinct, and carry into the judgment only that occasioned -by the party recovering the judgment.